UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHNNY RAY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-11-142 |
| | § | |
| RICK THALER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff, Johnny Ray Johnson (TDCJ #483120), a state inmate proceeding *pro se* and *in forma pauperis,* filed this civil rights complaint pursuant to 42 U.S.C. §1983 against Defendants Thaler, Trinci, Smith, Lostranes and Anderson for deliberate indifference to his serious medical needs. (Doc. No. 1). Having considered the complaint, the Court will dismiss the complaint because it is time-barred and fails to state a claim.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A plaintiff proceeding pursuant to § 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by

a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, the plaintiff asserts that the defendants failed to properly treat his scabies infection in 2005. Johnson filed a Step One but not a Step Two grievance.

A court should dismiss a suit when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993). Because there is no federal statute of limitations for § 1983 actions, federal courts borrow the forum state's general limitations period, *Owens v. Okure*, 488 U.S. 235 (1989), which, for personal injury in Texas, is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *see also Burrell v. Newsome*, 883 F.2d 416, 418-19 (5th Cir. 1989). The Court must then determine when the cause of action accrued, and in so doing, federal courts apply federal law. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). The federal standard governing § 1983 actions provides that a cause of action accrues when a person knows or has reason to know of the injury which is the basis of the action. *Id*. A plaintiff need not realize that a legal cause of action exists, but must know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

The plaintiff's personal injury claims clearly arose in September 2005, as evidenced by his complaint and grievance. The plaintiff did not file this suit until May 25, 2010, over two and one-half years after the period for filing suit had expired. As such, his claims are time-barred.

Based on the foregoing, the Court **ORDERS** that the instant complaint is **DISMISSED** with prejudice as time-barred and for failure to state a claim.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) Ms. Stefani R. Williams, Assistant Attorney General, P.O. Box 12548,**

**Capitol Station, Austin, Texas, 78711; fax no. (512) 49509139 (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax no: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas this 25th day of January, 2012.

                                        Kenneth M. Hoyt
                                        United States District Judge